## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Alfred J. Lane,
t/a Lane Equipment Co.

v.

Bernard O. Soles

July 13, 1971

By JUDGE ALEX H. SANDS, JR.

This case was tried before the court without a jury on yesterday and is now before the court for decision.

The undisputed facts in the case are that on September 6, 1969, the defendant, Bernard Soles, who was in service and stationed at Camp Pickett, Virginia, took his motorcycle, which he had purchased from the plaintiff, into the plaintiff's company complaining that it was in need of repairs or adjustments. He informed Mr. Lane at that time that he had to be back on duty and needed transportation for the trip. He requested Mr. Lane to lend him a motorcycle for this trip, and the tags were transferred from his motorcycle, which was left for repairs, over to another motorcycle. The 6th of September being on a Saturday, the defendant left Richmond in the early morning hours of Monday the 8th. En route to Camp Pickett, the motorcycle which he was then riding broke down on the road and the defendant, being afraid to report late for morning muster, left the vehicle in the woods off of the highway and hitchhiked a ride into camp. Immediately after his arrival at camp, he telephoned the plaintiff and told him the circumstances, whereupon the plaintiff stated that he would go down and pick up the motorbike during the day. Before the plaintiff had arrived, however, the motorbike was stolen and has never been recovered.

It is the plaintiff's contention that at the time that defendant brought his motorbike in and requested the loan of another, he, the plaintiff, had stated to

the defendant that he could not lend a motorbike with his dealer tags thereon nor would it be legal to transfer the defendant's tags to a loaned motorbike. He says he then suggested that the defendant purchase one of the plaintiff's bikes and that then the plaintiff would re-purchase it when the defendant returned to pick up his bike, which was being repaired. In support of his theory, the defendant introduces into evidence a bill of sale dated September 6, 1969, upon which the defendant has placed his signature acknowledging receipt of the bike. Plaintiff claims that this bill of sale, or a copy thereof, was delivered to the defendant at the time he took the bike. The plaintiff further states that upon the defendant's return to Richmond the following weekend, he, Lane, executed an assignment of the title to the stolen bike to the defendant. Plaintiff brings this suit for $400.00 to recover the purchase price of the stolen bike, which he claims to have sold to defendant on September 6.

The defendant's theory as to the facts surrounding the exchange of bikes is different. He agrees that he asked for the loan of a bike for transportation but denies that any question of any sale ever came up and denies that he was given a copy of any bill of sale by the plaintiff. He states that plaintiff transferred the tags from the defendant's bike to the stolen bike and turned it over to him and that he, the defendant, thought that this was a loan of the bike until he returned the following weekend to pick up his bike which was being repaired. He accordingly denies that he was the owner of the bike at the time or that he is responsible for its loss.

The first question presented for decision is whether the defendant or the plaintiff was actually the legal owner of the bike at the time that it was stolen. There is no problem as to the correct answer to this question for the plaintiff admits that the assignment of the title certificate to the defendant was not effected until the 9th of September, which was several days after the vehicle was stolen. Even, therefore, if we accept the testimony of the plaintiff that he actually gave a bill of sale to the defendant on September 6, no title would have passed to the defendant until the assigned certificate of title was given him by the plaintiff. *Insurance Co.* v. *Storm*, 200 Va. 526. Since the certificate was not assigned until after the loss of the bike, the evidence conclusively establishes that at the time of the theft of the bike

the plaintiff was the legal owner thereof regardless of what negotiations he had had with the defendant up to that time. The loss, therefore, would fall upon the plaintiff unless there were some other theory under which the defendant could be held responsible for the loss. The only other theory would be that the defendant, who was, at most, bailee at the time, was guilty of negligence in having abandoned the bike on the side of the road. Had the plaintiff taken the position that defendant was thus negligent at the time that the defendant called him, there might have been some merit in this theory. This, however, was not the case for both the plaintiff and the defendant agree that at the time the defendant reported the breakdown of the vehicle to the plaintiff and told the plaintiff where he had left it, the plaintiff made no objection thereto and merely stated that he would pick the vehicle up later during the day. Aside from the fact that this would have been strong evidence that the plaintiff considered the motorbike as belonging to him at the time, this arrangement worked out between the plaintiff and the defendant for the picking up of the motorbike would suggest that the plaintiff had acquiesced in the action which the defendant had taken in leaving the disabled bike beside the highway.

Under the evidence in this case, therefore, it is held that at the time of the theft of the bike legal ownership of the bike was in the plaintiff and that the loss falls upon him, there being no theory supported by the evidence under which the defendant could be held responsible for the loss.

Judgment is accordingly entered for the defendant, the plaintiff's exception to the court's ruling being noted.

Original of the title to the stolen vehicle is returned herewith to the plaintiff.